UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDDIE LOUIS DILLARD,

              Plaintiff,

v.

RS EDEN ASHLAND, and
CHRISTINA BONKOWSKI,

              Defendants.

Civil No. 09-1564 (JNE/JJG)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 5), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's application to proceed IFP be denied, and that this action be summarily dismissed without prejudice.

      Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $350.00 filing fee required by 28 U.S.C. § 1914, but instead filed his first application seeking leave to proceed IFP. (Docket No. 2.) The Court noted, however, that (i) Plaintiff's first IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff

had not paid the initial partial filing fee that is required in prisoner IFP actions

pursuant to 28 U.S.C. § 1915(b)(1).  Both of Plaintiff's omissions were called to his

attention by this Court's order of June 29, 2009.  (Docket No. 3.)  That order gave

Plaintiff twenty (20) days to cure the two defects in his original request for IFP status

by submitting both (a) a new IFP application that would include the requisite certified

trust account information, and (b) the initial partial filing fee prescribed by

§ 1915(b)(1).  The order expressly advised Plaintiff that his case would be subject to

summary dismissal, unless he complied with both of those requirements within the

time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now

expired.  On July 10, 2009, Plaintiff filed the Amended IFP Application that is now

before the Court, (Docket No. 5), and that application does include the trust account

information required by § 1915(a)(2).  To date, however, Plaintiff has not satisfied the

second requirement of the Court's prior order, as he has not tendered the initial

partial filing fee prescribed by § 1915(b)(1).[2]  Plaintiff has not offered any explanation

---

[1]  The Court's prior order stated:  "Plaintiff will be required to submit both a new IFP application, and his initial partial filing fee, within 30 days after the date of this order.  If he fails to do so, it will be recommended that the action be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)."  (Order dated June 29, 2009, [Docket No. 3], pp. 3-4, [emphasis in the original order].)

[2]  According to the trust account information appearing on Plaintiff's Amended IFP application, the average monthly deposit to his prison trust account during the past six months was $55.85, while the average monthly balance during the same period was $1.71.  The initial partial filing fee required by § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts.  Therefore, the initial partial filing fee that Plaintiff should have paid in this case is $11.17, ($55.85 x 20% = $11.17).

for his failure to pay the fee required by statute, and by this Court's prior order. Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket

Nos. 2 and 5), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August 21, 2009         _s/ Jeanne J. Graham_
                                      JEANNE J. GRAHAM
                                      United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 4, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.